UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES BARGMAN,

     Petitioner,

v.                                                      CASE NO.:   8:03-cv-1725-T-23MAP

JAMES V. CROSBY, JR.,

     Respondent.

_____/

**ORDER**

Charles Bargman ("Bargman"), an inmate of the Florida penal system, petitions

pro se for the writ of habeas corpus pursuant to 28 U.S.C. § 2554 (Doc. 1) and

challenges both his 2001 plea of nolo contendere and his sentence of fifteen years.

This action proceeds on the original petition for writ of habeas corpus (Doc. 1), which

presents four grounds for relief:

    1.     The state court erred in summarily denying Bargman's motion to withdraw
           his plea.

    2.     Bargman was denied effective assistance of counsel when counsel
           misadvised him on the sentence he would receive under the plea
           agreement.

    3.     Bargman was denied effective assistance of counsel when counsel failed to
           timely remove his plea and proceed to trial with an entrapment defense.

    4.     Bargman was denied effective assistance of counsel when counsel
           misadvised him that he could appeal his plea of guilty without preserving
           the right with a timely motion to withdraw his plea.

The respondent admits both that the grounds raised in the petition are fully exhausted and that the petition is timely.  (Response at 3) (Doc. 5)

## BACKGROUND

On March 5, 2001, Bargman pled nolo contendere to five counts each for possession and sale of cocaine.[1]  On April 26, 2001, Bargman was sentenced to imprisonment for fifteen years.  Bargman moved for reconsideration of his sentence.  On May 31, 2001, the trial court denied rehearing.  Immediately following the trial court's denial, Bargman moved to withdraw his plea because of his attorney's alleged failure in the plea agreement to preserve Bargman's right to appeal.  Bargman argues that he was prepared to persist in his plea of "not guilty" and rely on an entrapment defense but forbore this strategy because he mistakenly believed that he would receive a lighter sentence by entering a plea of nolo contendere.

## STANDARD OF REVIEW

Because Bargman commenced this action after April 24, 1996, 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, governs these proceedings.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 US. 840 (2000).  Section 2254(d) creates a highly deferential standard for federal court review of state court adjudications.  In pertinent part, Section 2254(d) states:

---

[1] The charges to which Bargman pled guilty arise from three separate informations filed by the State over a six-week period.  Filed November 20, 2000, the first information charged Bargman with three counts of both sale and possession of cocaine.  Filed December 20, 2000, the second information charged Bargman with one count of both sale and possession of cocaine.  Filed January 3, 2001, the third information charged Bargman with one count of both sale and possession of cocaine.

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000), elaborates this deferential standard:

In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied–the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

The circuit court's denial of Bargman's Rule 3.170(l) motion[2] to withdraw his nolo

contendere plea (Respondent's Exhibit A at 77) and the denial of his subsequent Rule

3.850 motion for post-conviction relief were affirmed in separate appeals, each resulting

---

[2] Rule 3.170(l), Florida Rules of Civil Procedure, provides:

A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e).

in per curiam affirmance without an opinion.  (Respondent's Exhibit D at 25 and

Exhibit C at 23)  The state appellate court's per curiam affirmances merit deference

under Section 2254(d)(1) because "the summary nature of a state court's decision does

not lessen the deference that it is due."  Wright v. Moore, 278 F.2d 1245 1254 (11th

Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom

Wright v. Crosby, 538 U.S. 906 (2003).

## NO FEDERAL QUESTION

Bargman's first ground for relief is based on the trial court's denial of his motion to

withdraw his plea of nolo contendere.  As stated in Williams v. Taylor, a writ of habeas

corpus requires the petitioner to show that the state court's adjudication resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly

established federal law determined by the Supreme Court of the Untied States.  529

U.S. at 412-13.  A motion to withdraw a guilty plea presents an issue of state law for

resolution by a state court.  See Fla.R.Crim.P. 3.170; Fla.R.App.P. 9.140(b)(2).  See

also Cabrera v. State, 915 So.2d 727, 728 (Fla. 5th DCA 2005) ("The withdrawal of a

guilty plea is not a matter of right, but rather is a question addressed to the sound

discretion of the trial court."); Davis v. State, 783 So.2d 288, 289 (Fla. 5th DCA 2001)

("[O]n appeal a trial court's decision to deny a motion to withdraw must be affirmed

absent proof of an abuse of discretion.").

Generally, claims alleging a violation of state law are not subject to review in

federal habeas proceedings.  See Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 79

L.Ed.2d 29 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992).

Because Bargman fails to raise a federal claim, his first ground for relief is **DENIED**.

In each of Bargman's four grounds for relief, he complains that the trial court

summarily denied the motion for post-conviction relief and failed to attach relevant

portions of the record that conclusively refute the post-conviction claims.  The above

analysis shows that whether the trial court in denying the post-trial motion failed to

follow state procedural requirements in denying summarily the motion for post-

conviction relief is a matter of state law not subject to federal review.  Each of

Bargman's grounds for relief assert only this state procedural claim.  However, liberally

construed, Bargman's petition asserts the following three grounds of ineffective

assistance of counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Bargman's remaining grounds for relief are based on ineffective assistance of

counsel.  "[T]he cases in which habeas petitions can properly prevail on the ground of

ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d

1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th

Cir. 1994)).  To demonstrate ineffective assistance of counsel, Bargman must satisfy

the requirements of Strickland v. Washington, 466 U.S. 668 (1984).  In Sims. v.

Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit discusses

ineffective assistance of counsel:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In Strickland v. Washington, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part
> test for analyzing ineffective assistance of counsel claims.  According to

> Strickland, first the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

In applying the two-prong performance and prejudice test under Strickland, a court is

"free to dispose of ineffectiveness claims on either of its two grounds."  Sims, 155 F.3d

at 1305.  Strickland, 466 U.S. at 697 ("there is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the

defendant makes an insufficient showing on one.").  Further, the Strickland standard

applies with equal force even if the claim of ineffective assistance of counsel is in the

context of a plea.  Hill v. Lockhart, 474 U.S. 52 (1985); Agan v. Singletary, 12 F.3d 1012

(11th Cir. 1994).

The performance prong of Strickland focuses on whether counsel's performance

was reasonable "under prevailing professional norms."  White v. Singletary, 972 F.2d

1218, 1220 (11th Cir. 1992), cert. denied, 514 U.S. 1131 (1995) (quoting Strickland, 466

U.S. at 688).  In evaluating counsel's performance, a court should "presume

effectiveness and should always avoid second guessing with the benefit of hindsight."

White, 972 F.2d at 689.  As the Supreme Court stated:

> [T]he decision to plead guilty before the evidence [] frequently involves the
> making of difficult judgments.  All the pertinent facts normally cannot be
> known unless witnesses are examined and cross-examined in court.  Even
> then the truth will often be in dispute.  In the face of unavoidable
> uncertainty, the defendant and his counsel must make their best judgment
> as to the weight of the State's case.  Counsel must predict how the facts,
> as he understands them, would be viewed by a court . . . .  Questions like
> these cannot be answered with certitude; yet a decision to plead guilty must

- 6 -

> necessarily rest upon counsel's answers, uncertain as they may be.
> Waiving trial entails the inherent risk that the good-faith evaluations of a
> reasonably competent attorney will turn out to be mistaken either as to the
> facts or as to what a court's judgment might be on given facts.  That a guilty
> plea must be intelligently made is not a requirement that all advice offered
> by the defendant's lawyer withstand retrospective examination in a post-
> conviction hearing.

McMann v. Richardson, 397 U.S. 759, 769-70 (1970).  Accord Williams v. Head, 185

F.3d 1223, 1227 (11th Cir. 1999), cert. denied, 530 U.S. 1246 (2000) ("[C]ourt[s] should

recognize that counsel is strongly presumed to have rendered adequate assistance and

made all significant decisions in the exercise of reasonable professional judgment.")

(quoting Strickland, 466 U.S. at 690).

        To satisfy the prejudice prong of Strickland, Bargman must "show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  Strickland, 466 U.S. at 694.  In the context of a

guilty plea, "the defendant must show that there is a reasonable probability that, but for

counsel's errors, he would not have pled guilty and would have insisted on going to

trial."  Hill, 474 U.S. at 59.  Therefore, the court's reliance on the plea agreement must

have rendered the proceeding unfair and its results unreliable.  Lockhart v. Fretwell, 506

U.S. 364 (1993); White, 972 F.2d at 1220; Atkins v. Singletary, 965 F.2d 952, 958-59

(11th Cir. 1992), cert. denied, 515 U.S. 1165 (1995).

        As stated above, Bargman must prove that the state court's decision was

(1) "contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) . . . based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."  28 U.S.C. § 2254(d).  In denying Bargman's motion for post-

conviction relief (Respondent's Exhibit C at 23-25), the state court correctly applied

Strickland to Bargman's claims.[3]  Consequently, Bargman cannot meet the "contrary to"

test in 28 U.S.C. § 2254(d)(1).  Bargman must instead show that the state court's

decision is an unreasonable application of Strickland or an unreasonable determination

of the facts.

Bergman has the burden of overcoming all state court factual determinations by

clear and convincing evidence.  "[A] determination of a factual issue made by a state

court shall be presumed to be correct.  The applicant shall have the burden of rebutting

the presumption of correctness by clear and convincing evidence."  28 U.S.C.

§ 2254(e)(1).  This presumption of correctness applies only to findings of fact and not to

a mixed determination of both law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th

Cir.), cert. denied, 534 U.S. 1046 (2001).  Consequently, the federal court defers to the

finding of fact by the state court rejecting Bargman's post-conviction claims of ineffective

assistance of counsel.

In his second ground for relief, Bargman claims ineffective assistance of counsel

because his attorney allegedly misadvised him of his prospective sentence at his re-

arraignment.  Although "[i]t is well established that a petitioner may attack the voluntary

and knowing character of his plea by showing that counsel's advice was not 'within the

range of competence demanded by attorneys in criminal cases,' " Fisher v. Wainwright,

---

[3] Although the state court failed to cite Strickland (or any case law) in its order denying relief, the court dismissed each of Bargman's claims for failure to show either deficient performance or prejudice as required by Strickland.  Consequently, the state court applied the correct legal standard even though it did not cite to Strickland.

435 F. Supp. 253, 257 (5th Cir. 1977) (quoting <u>Tollet v. Henderson</u>, 411 U.S. 258, 266

(1973)), "[c]ounsel owes a lesser duty to a client who pleads guilty than to one who

decided to go to trial." <u>Woffard v. Wainwright</u>, 748 F.2d 1505, 1508 (11th Cir. 1984).

"The attorney's responsibility to the defendant who is about to plead is thus to determine

that the defendant's plea is knowing and voluntary." <u>Fisher</u>, 435 F. Supp. at 257.

Therefore, to succeed on the performance prong, Bargman must "allege and prove

serious derelictions on the part of counsel sufficient to show that his plea was not, after

all, a knowing and intelligent act." <u>McMann v. Richardson</u>, 397 U.S. 759, 774 (1970).

In his claim, Bargman contends that Cimos Angelis (his attorney at sentencing)

advised him to plead <u>nolo</u> <u>contendere</u>, and stated that, in lieu of incarceration, Bargman

would receive probation and long-term drug treatment.  (Petition at 6) (Doc. 1)  In

rejecting this claim, the state court found that at the plea hearing, held six weeks before

sentencing, Bargman was represented by Public Defender Travis Dunnington and not

by Cimos Angelis. (Respondent's Exhibit C at 24)  Therefore, any representation by

Angelis cannot affect the voluntariness of the plea.  Furthermore, the state court

informed Bargman of his right to a jury trial and stated that his possible sentence for the

charged violations capped at fifteen years. (Respondent's Exhibit A at 21)  The court

further inquired whether Bargman was under the influence of drugs or alcohol during his

re-arraignment and whether the state promised anything in exchange for his plea.

(Respondent's Exhibit A at 19)  The record shows that Bargman answered both

questions, "No, sir."  (Respondent's Exhibit A at 19)  Therefore, the record shows

Bargman voluntarily and knowingly pled guilty.  Because Bargman cannot show that the

- 9 -

state court's rejection of this claim was unreasonable, his second ground for relief is

**DENIED**.

In his third ground for relief, Bargman alleges ineffective assistance of counsel in

his attorney's failure to withdraw Bargman's plea and proceed to trial in reliance on an

entrapment defense.  In denying the claim, the circuit court stated:

> "Specifically, [Bargman] argues that he informed Attorney Angelis that he
> was prepared to proceed to trial using the defense of entrapment, however
> counsel told him a deal had been made in exchange for a plea of guilty.  As
> stated in the previous ground, Attorney Angelis did not represent [Bargman]
> at the time he changed his plea.  [Bargman] argues that counsel should
> have moved to withdraw his plea at his sentencing on April 26, 2001, after
> the promised sentence fell through.  Although Attorney Angelis did
> represent [Bargman] at his sentencing, [Bargman] does not demonstrate a
> likelihood that a motion to withdraw his plea would have been granted.
> [Bargman] argues that the Court did not sentence him as promised.  As
> previously stated, the only agreement made by the Court was that
> [Bargman's] sentence would be capped at fifteen years."

(Respondent's Exhibit C at 24)

The performance prong of Strickland requires Bargman to show serious

dereliction in counsel's performance.  However, the record shows that Bargman's

counsel strenuously argued for a reduced sentence both at Bargman's sentencing

(Respondent's Exhibit A 24-45) and one month later at the reconsideration of

Bargman's sentence.  (Respondent's Exhibit C at 24)  Further, the prejudice prong of

Strickland requires Bargman to show that a motion to withdraw his plea would have

been granted.  However, Bargman cannot show that, even if offered, the motion to

withdraw would have been granted.  Because Bargman cannot show that counsel's

performance was ineffective and prejudicial, he cannot demonstrate that the state

court's rejection of this claim was unreasonable.  Therefore, Bargman's third ground for

relief is **DENIED**.

In his fourth ground for relief, Bargman alleges he was denied effective

assistance of counsel when his attorney misadvised him that he could appeal his plea of

nolo contendere without preserving the right to do so as required by Florida Rule of

Appellate Procedure 9.140(b)(2)(A)(ii)(c).  In denying Bargman's final claim, the circuit

court stated:

> [Bargman] argues that he lost his right to appeal his case based on an
> involuntary plea and the erroneous advice of counsel.  [Bargman], however,
> fails to demonstrate prejudice.  [Bargman] filed a pro se motion to withdraw
> his plea, however his motion was denied.  See Exhibit D.  Additionally, as
> evidenced by this motion, [Bargman] was not foreclosed from challenging
> his plea based on the grounds that his plea was involuntary and counsel's
> advice was erroneous.  While [Bargman] has been afforded the opportunity
> to challenge his plea in the present motion, the Court does not find that any
> of his grounds warrant relief.

(Respondent's Exhibit C at 25)

To succeed on the prejudice prong of Strickland, Bargman must show that "but

for" counsel's alleged errors, the result of the proceeding would have been different.

Bargman cannot show that the result would have been different.  As the state court

stated, "[Bargman] does not demonstrate a likelihood that a motion to withdraw his plea

would have been granted," even if offered timely by his counsel.  (Respondent's

Exhibit C at 24)  Further, Bargman unsuccessfully challenged his plea in his Rule 3.850

motion for post-conviction relief.  Because Bargman cannot show that the state court's

rejection, based on a lack of prejudice, of this claim was unreasonable, his final ground

for relief must be **DENIED**.

- 11 -

Accordingly, the petition for writ of habeas corpus is **DENIED**.  The Clerk shall

ENTER A JUDGMENT against Bargman and CLOSE this action.

ORDERED in Tampa, Florida, on August 21, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE